UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TIM TYNAN, an individual doing business as TNTYNAN PERFORMANCE ENGINEERING, a California Business Entity,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLEN PERRY, an individual,<br><br>            Defendant. | No. 2:21-cv-00963 WBS CKD<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Tim Tynan filed this action against defendant Allen Perry alleging claims for (1) trademark infringement under 15 U.S.C. § 1114 and common law; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) trademark dilution, 15 U.S.C. § 1125(c); (4) injunctive relief under the Lanham Act; (5) injury to business reputation and dilution, Cal. Bus. & Prof. Code § 14247[1]; (6) unfair competition, Cal. Bus. & Prof. Code § 17200,

---

[1]    Plaintiff cites to California Business and Professions

1

et seq.; (7) unjust enrichment;[2] (8) declaratory relief; and (9) intentional interference with prospective economic advantage under California common law. (Docket No. 4.) Defendant now moves for summary judgment. (Docket No. 21.)

I.  Factual and Procedural Background

The following facts are undisputed. Plaintiff manufactures and designs watercraft exhaust pipes and claims he markets them as "TNT" pipes. (Decl. of Tim Tynan ("Tynan Decl.") ¶ 3 (Docket No. 27-3).) Defendant was plaintiff's customer and eventually himself began selling watercraft pipes. (Id. at ¶ 8.) Defendant referred to the pipes he sold as "TNT" pipes because some were pipes made by plaintiff that defendant was reselling, and some were "similarly designed." (Def.'s Resp. to Pl.'s Statement of Undisputed Facts ("PSUF") ¶ 14 (Docket No. 29-1).)

On or about April 10, 2021, plaintiff submitted an application to the United States Patent and Trademark Office ("USPTO") to register the mark "TNT." (Req. for Judicial Notice, Ex. B, Ex. E (Docket No. 21-5).)[3] Plaintiff's application states

---

Code § 14330, though this statute has been repealed. The correct statute for dilution under California law appears to be § 14247.

[2] "There is not a standalone cause of action for 'unjust enrichment' which is synonymous with restitution." Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 762 (9th Cir. 2015). Rather, it "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, coercion, or request" and the "return of that benefit is typically sought in a quasi-contract cause of action."

[3] Defendant submitted a request for judicial notice of, among other items, a copy of plaintiff's application to the USPTO (exhibit B), with attached photos (exhibit E), and a non-final office action in response to the application (exhibit C). (Docket Nos. 21-5, 29-3). Because plaintiff does not object, the

2

that the "mark consists of standard characters without claim to any particular font style, size, or color."  (Id., Ex. B.)  On or about December 18, 2021, the USPTO issued a non-final office action refusing registration of the "TNT" mark.  (Id., Ex. C.) The USPTO gave plaintiff six months to supplement the application with additional materials and information, which plaintiff did and is awaiting further action.  (Id.; Tynan Decl. ¶ 17.)

In 2019, plaintiff discovered that defendant was selling watercraft pipes using the term "TNT" and brought this action.  (Pl.'s Opp. to Def.'s Statement of Undisputed Facts ("DSUF") ¶ 1 (Docket No. 28-1); Tynan Decl. ¶ 8).

II.  Trademark Infringement under 15 U.S.C. § 1114

The Lanham Act, 15 U.S.C. § 1114, allows an action for trademark infringement to be brought by the "registrant" of a "registered mark."  15 U.S.C. § 1114(1).  Here, it is uncontested that plaintiff does not own a registered mark.  (See DSUF at ¶ 2); 15 U.S.C. § 1127 (defining "registered mark" as a "mark registered in the [USPTO]").

Plaintiff has a pending registration application of the "TNT" mark, for which he has received a non-final refusal. However, an application with the USPTO is not enough to confer standing upon plaintiff to bring a claim under 15 U.S.C. § 1114. See Antiaging Inst. of Cal., Inc. v. Solonova, LLC, No. CV 15-03416-AB (FFMx), 2015 WL 12792028, at *3 (C.D. Cal. Nov. 19, 2015) ("Plaintiff's contention that it has standing as a

---

court takes judicial notice of Exhibits B, C, and E.  The court does not rely on the remaining items at issue in the request, and therefore the request is denied as moot as to those items.

trademark <u>applicant</u> is without merit"). Even if plaintiff's application is approved, he did not have a registered mark at the commencement of this suit. <u>See</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 570 n.5 (1992) (standing is determined "as of the commencement of suit"). Accordingly, the court will grant summary judgment in favor of defendant on plaintiff's claim for trademark infringement under 15 U.S.C. § 1114.

III. <u>Remaining Claims</u>

The sole reasoning defendant provides for summary judgment on the remaining claims is that plaintiff does not have trademark rights for "TNT." (<u>See</u> Def.'s Mot. at 7; Def.'s Reply at 3-8 (Docket No. 29).) Plaintiff has raised a genuine dispute of material fact as to whether plaintiff has a protectible ownership interest in the "TNT" mark.

Defendant correctly notes that plaintiff's use of the "TNT" mark was often in a logo in conjunction with the words "Performance Engineering" and this weighs against a finding of a "protectible ownership interest in the mark" because "TNT" is not being used as a solo identifier for plaintiff's products. <u>See</u> <u>Rearden LLC v. Rearden Commerce, Inc.</u>, 683 F.3d 1190, 1202 (9th Cir. 2012); (Decl. of Melody Kramer ("Kramer Decl."), Ex. 3 (Docket No. 21-2); Tynan Decl., Exs. D, E, F.) However, plaintiff, consumers, and defendant himself referred to plaintiff's pipes as "TNT" pipes, which indicates that plaintiff's use of the mark is recognized in the market. <u>See</u> <u>Stone Creek, Inc. v. Omnia Italian Design, Inc.</u>, 875 F.3d 426, 432 (9th Cir. 2017) (stating that the "mark's recognition in the market is a key factor in determining the strength of the mark

under the "likelihood of confusion" analysis).

Plaintiff referred to the pipes in advertisements as "TNT" pipes without mention of "Performance Engineering." (Kramer Decl., Ex. 3.)  Defendant himself also referred to plaintiff's pipes as being from "TNT."  (Decl. of Jake Ward, Ex. 1 (Docket 27-4) ("These are not made by Tim from tnt").) Further, potential customers referred to the pipes they were seeking as "TNT" pipes.  (Decl. of Casey Maudlin, Ex. 1 (Docket No. 27-5) ("I saw you posted that you can get a TnT superstoack [sic] chamber"); Decl. of Jake Ward, Ex. 1 ("planned on running a TNT chamber" and "[d]o you still have any TNT chambers for sale?").)

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact." Acosta v. City Nat'l Corp., 922 F.3d 880, 885 (9th Cir. 2019).  Here, as demonstrated above, there is a genuine dispute of material fact on the issue of whether plaintiff has a common law trademark right in the "TNT" mark.  Accordingly, as this is the sole ground upon which defendant moves for summary judgment, the motion will be denied as to the remaining claims.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Docket No. 21) be, and the same hereby is, GRANTED as to the claim for trademark infringement under 15 U.S.C. § 1114 and DENIED on the remaining claims.[4]

---

[4] From the representations of counsel at the time of the hearing on this motion, it appears that the parties are only $1,000 apart in their settlement negotiations.  The parties are accordingly urged to bring those negotiations to fruition before

Dated: March 24, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

the further expenditure of valuable time and resources on the litigation of this action.